UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | | |
|---|---|---|
| JAMES GARRETT "GARY" DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| CIGNA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff, James Gary Davis ("Plaintiff"), by and through counsel, complaining of Defendant GIGNA Corporation ("Defendant"), and hereby alleges and says as follows:

## I.  PARTIES

1.    Plaintiff is a natural person who resides in Louisburg, Franklin County, North Carolina. His date of birth is March 26, 1958.  He is currently 52 years of age.

2.    Defendant is, upon information and belief, a corporation organized and existing under the laws of Delaware, maintaining its principal office in Bloomfield, Connecticut and is doing business throughout the State of North Carolina.

## II.  JURISDICTION

3.    Jurisdiction is conferred upon and vested in this Court under and by virtue of 29 U.S.C. §1132(a)(1)(B) and (e)(1) ("ERISA").

## III.  VENUE

4.    Venue for this cause is proper pursuant to 29 U.S.C. §1132(a)(1)(B) and (e)(1).

## IV.  FACTS

5.     Plaintiff is the owner and insured of a short-term disability insurance policy
       number # SHD0985055 (the "Policy") which Defendant issued, upon information
       and belief, in 1989.

6.     When Plaintiff purchased the Policy, he was employed by Wrangler Jeans, a
       division of VF Corporation.

7.     Plaintiff has paid and continues to pay insurance premiums on the Policy since its
       issuance (which, upon information and belief, was in 1989) through and including
       the filing of this *Complaint*.  The monthly payments are about $ 120.00.

8.     Plaintiff became disabled and stopped working for Wrangler Jeans on or about
       December 2008.

9.     The Policy provides for the payment of short-term disability benefits when a
       policyholder becomes disabled.

10.    The Policy, Definitions Section, p. 3 (**Exhibit A**) states:

       **Disability:**  The inability to perform the regular duties of the occupation
       in which you were engaged immediately prior the commencement of
       your disability due to bodily injury or disease.

11.    The position that Plaintiff held immediately prior the commencement of his
       disability was Sales Representative for Wrangler Jeans.  Plaintiff's territory was
       eastern North Carolina, Virginia, Maryland, the District of Columbia, Delaware &
       southern New Jersey.

12.    As a Sales Representative, Plaintiff's primary job function was to be a traveling
       salesman.  He traveled throughout eastern North Carolina, Virginia, Maryland, the
       District of Columbia, Delaware & southern New Jersey to meet with independent

2

Wrangler dealers throughout his territory. Plaintiff had to work at least eight hours per day, usually five days per week.

13. At minimum, Plaintiff had quarterly seasonal contacts with the dealers in his territory. Hence, at least four times each year, Plaintiff traveled from North Carolina to southern New Jersey and back to visit the independent dealers. Most days, Plaintiff had to drive three to four hours because he lives in the southern most point of his territory. Some days, he had to drive for as long as seven hours.

14. Plaintiff's position also required him to load and unload hundreds of sales samples (jeans & shirts on hangers), catalogs, rolling racks, and other supplies on a nearly daily basis.

15. Since December 2008, Plaintiff has been and continues to be "totally disabled" within the meaning of the Policy, Definitions Section, p. 3 (**Exhibit A**), because he has suffered and continues to suffer from coronary artery disease, sleep apnea, and recurrent left L4-5 disc herniation, among other medical problems.

16. Due to Plaintiff's medical condition as listed above and as delineated and supported by medical records provided to Defendant, Plaintiff's work restrictions, which his physician imposed are:

    1. Driving fewer than 30 minutes per day;
    2. Working fewer than 8 hours per day;
    3. Not to remain seated for more than 4 hours per day;
    4. Not to walk for more than 4 hours per day;
    5. Not to stand for more than 2 hours per day; and,
    6. Bending, squatting, climbing, kneeling, twisting, lifting and crawling are all limited to no more than 1 hour per day.

17. The medical documentation and work information provided to Defendants demonstrated that due to Plaintiff's medical condition, he was and remains unable to perform *any* job that requires eight hours of work per day.

18. Plaintiff is restricted from driving more than 20-30 minutes per day.

19. One of Plaintiff's essential job functions is to do a considerable amount of driving, sometimes as much as seven hours per day.

20. It is clear from Plaintiff's job description itself and the territory he works that Plaintiff's job requires that he drive well in excess of 20-30 minutes on the days that he is working his territory. The border with Virginia is more than 30 minutes from Plaintiff's house, to say nothing of the distance to southern New Jersey.

21. Plaintiff can only stand for a total of two hours in any given day. He can only bend, squat, kneel and lift a total of one hour in any given day. However, Plaintiff's job duties as a salesman require that he stand for more than two hours in any given day. Plaintiff's job duties as a salesman require that he bend, squat, kneel and lift a total of one hour in any given day.

22. Plaintiff is restricted to lifting no more than 10 pounds. Plaintiff's job duties as a salesman require that he lift the sales samples and move them from dealer to dealer. When Plaintiff met with dealers, he had to lift the samples to show them to the dealers. The samples exceed Plaintiff's physician's lifting restriction.

23. Mr. Stuart Wright (Plaintiff's former supervisor of 20 years, who is familiar with Plaintiff and his job duties) provided a statement to Defendant stating that he is also of the opinion that Plaintiff is not physically able to do the driving and lifting that is required of his job position due to Plaintiff's medical condition.

4

24.     Plaintiff is disabled under the Policy, Definitions Section, p. 3 (**Exhibit A**).

25.     Nonetheless, Defendant has continued to deny Plaintiff his monthly disability benefits, notwithstanding medical documentation revealing that Plaintiff is totally disabled within the meaning of the Policy, Definitions Section, p. 3 (**Exhibit A**).

26.     Defendant, after receiving Plaintiff's medical documentation all of which substantiates the medical basis for Plaintiff's disability, denied Plaintiff short-term disability benefits in a July 27, 2010 letter (**Exhibit B**) to the undersigned counsel.

27.     The letter also states that Plaintiff has "exhausted all administrative remedies with our office." *Id*. p.1, ¶ 2.

28.     Plaintiff has completed Defendant's internal review process.

29.     Plaintiff, since December 2008 has been "disabled" within the meaning of the Policy.

30.     Therefore, he is entitled to monthly short-term disability benefits beginning upon his becoming "totally disabled" in January 1, 2009 as provided in the Policy, Schedule of Benefits, p. 4 (**Exhibit A**).

31.     As a result of Plaintiff's coronary artery disease, sleep apnea, and recurrent left L4-5 disc herniation, as well as other medical problems, Plaintiff is and, at all relevant times, continues to be "disabled" within the meaning of the Policy.

32.     Plaintiff is entitled to monthly disability benefits under the Policy, effective December 2008.

## V.  FIRST CAUSE OF ACTION

### (ERISA)

33.     All of the allegations of the preceding paragraphs are incorporated by reference as if fully restated herein.

34.     Since Defendant has violated ERISA by refusing to pay Plaintiff his benefits under the Policy, Plaintiff is entitled to recover benefits and to enforce his rights under the terms of the Policy, to reimbursement of the premiums he paid to Defendant since he became "totally disabled," and to clarify his rights to future benefits under the terms of the Policy pursuant to 29 U.S.C. § 1132(a)(1)(B).

35.     Plaintiff is entitled to monthly benefits effective January 1, 2009, and to recover from Defendant all unpaid benefits owing since January 1, 2009, which is a sum in excess of $10,000.00, plus interest at the legal rate.

36.     Pursuant to 29 U.S.C. § 1132(g), Plaintiff is entitled to recover reasonable attorney's fees and other costs of this action.

WHEREFORE, Plaintiff prays to the Court for the following relief:

(a)     a judgment against Defendant, in an amount in excess of $10,000.00;

(b)     issuance of a permanent injunction enjoining Defendant to commence payment to Plaintiff of his monthly benefits under the Policy;

(c)     interest on said judgment at the legal rate from January 1, 2009, until paid;

(d)     reasonable attorney's fees and other costs of suit; and

(e)     such other and further relief as this Court shall deem just and proper.

6

Respectfully submitted, this the 13th day of October, 2010.


SCHILLER & SCHILLER, PLLC


By: /s/ David G. Schiller
   David G. Schiller (N.C. Bar No. 26713)
   Professional Park at Pleasant Valley
   5540 Munford Road, Suite 101
   Raleigh, NC 27612
   Telephone: (919) 789-4677
   Facsimile: (919) 789-4469
   Email: dgschiller@yahoo.com
   *Attorney for Plaintiffs*